arrested, a custodial arrest. In connection with the marketing? Taking some jewelry. And the question is whether she was under the guidelines, she should have gotten 2 points for each of those offences, which she was sentenced on the same day. She received the sentence on the same day. The guidelines plainly say that only 2 points are required in that scenario. 2 points for the entirety of the situation. The governor's brief makes a reference to, that she made statements to the, she was confronted by an officer and she made statements to them, is that in the record or do you have? I think that comes from the PSR. It is at paragraph 39, on November 18th an officer spoke with Jones who admitted that it was probably her who cashed the check and that she has since disposed of Whitney's credit card based on the foregoing Jones' issue of the citation. I see I have about 15 seconds left, but there is another serious issue regarding the personal use. I just point out that the government doesn't really address the issue that was before the district court. That is, whose burden of proof it is. And it's very clear from this court's decisions in Williams that the government bears a burden of proof and therefore that was error as well. Thank you. We'll hear from the government. Thank you, your honors. Good morning. May it please the court, I'm Nicholas Karest for the United States. Your honors, the government will address the plain error argument first, but before I do that, Ms. Jones was a participant in a six month Vermont pure meth distribution conspiracy and she was sentenced to 45 months imprisonment, which under any analysis is more than 90 months below the low end of Ms. Jones' guidelines range. With respect to the criminal history category argument, Judge Rice did not commit a plain error. There's no plain error here, your honors, because there is no clear law in the Second Circuit. So the error wasn't obvious, we haven't decided this issue, is that the point? That's correct, your honor. The Second Circuit has not ruled on what the term intervening arrest means under Guideline 4A 1.2. Am I right in looking at what other courts have done in concluding that it seems like the bulk of our sister circuits have decided that arrest means arrest, means a formal arrest? You're correct, your honor. There is a Seventh Circuit case, Morgan, which is in the government's favor in this case, but you are correct that the weight of authority is in the other direction when interpreting this particular guideline. And why wouldn't that be a matter of clear textual analysis? I mean, I understand the rationale of recognizing that there are other circumstances that can be quite troubling, but the guideline itself provides for departure. So I don't see why we would think that the word arrest meant anything other than a formal arrest. Help me out. Your honor, as you noted to my opposing counsel, the guideline does allow or does contemplate departure, which the judge, which Judge Rice did in this case. So there would be no need to construe arrest to mean something other than formal arrest, would there? You're correct. That's true. That's one interpretation. The fact is, though, under the plain error standard, there's no Second Circuit law on this point.  Second case is still good law. And as Judge Vitelliano pointed out, in Vermont, there's clear precedent and a rule of criminal procedure which allows for the possibility that a custodial arrest might precede the issuance of a citation. And here, there was also, as pointed out in the PSR in paragraph 39, Ms. Jones made admissions to the law enforcement and then was issued a citation. And... Was it at a police station? Do you know? I don't know. Your honor, I'm not sure. So you've already been brought there. You've been detained.  Yeah, I understand. It's not clear from the PSR where that took place, your honors. I would like to use the time to... The point is, if, in fact, clear error was found here, then there's no choice but to remand for resentencing, is that correct? Your honor, if there was plain error, then the remedy here would be resentencing. However... Do you agree that if we find the first and second elements of plain error, that there's error and that it's plain, clearly established in our law, that the other factors are established here? No, your honor. The government doesn't concede that the other elements of the plain error test are met. As I stated at the outset, Ms. Jones was sentenced 143 months below the low end of her guidelines range, so there's no good argument in the government's view that there's a miscarriage of justice here, and there's no... Reasonable probability that Judge Rice would have sentenced her to less than 45 months. So no, the government doesn't concede that resentencing is automatic if you find that the error was plain. Addressing the issue of the drug quantity, your honors, there's no personal use discount in this case. Ms. Jones relies heavily on the Williams case. Williams was a possession with intent to distribute case. This case, Ms. Jones was convicted and pleaded guilty to one distribution, but she also, in her plea agreement, admitted that she, quote, knowingly and intentionally communicated about, arranged, agreed, and participated in many other distributions of methamphetamine in Vermont. That's in paragraph 4E of the plea agreement, located at page 17 of the appendix. So those personal use drugs were part of the same course of conduct in the common scheme or plan that she was involved with with her co-conspirators. But that's not how the district court treated it. The district court credited that there was personal use and indicated that the court was going to factor that into its sentence. But it also stated that it did not credit the evidence that it amounted to 60% of the drugs trafficked. So if I understand it correctly, we're dealing with a total drug quantity of 1,017 grams, and the guideline range, the offense level 34 starts at 500 grams to one and a half kilos. So am I right that what it looks like is that she would have to show error in giving her a 50% credit to give, to go below the guideline range? Yes, Your Honor, you anticipated my next argument, which is that even, you're right, Judge Rice gave Ms. Jones credit in her application of the 3553A factors. And she didn't find Ms. Jones' claim, which is in a footnote to the PSR, that a 60% discount should apply. And that's well within Judge Rice's purview to do so. The case law makes that clear. But my point is, at this point, even assuming the correctness of your adversary's argument that she was entitled to credit for personal use, would we have to find clear error in the degree of credit the district judge gave her, given the finding that it didn't find 60% credible? No, you're right, Your Honor. 60%, the amount that she would have to get in order to end up in a lower base offense level is roughly 50%. The government's argument on that point is that she said 60% was used by her and her husband. So even if we split the difference and made it 30% for Ms. Jones and 30% for her husband, we'd still be well within base offense level 34, and there'd be no issue here. So, and as to the burden of proof issue that Ms. Jones makes a lot of, Ms. Jones on that argument relies on Williams. And as the government noted, this is not the same context as Williams. So whatever Williams says about burden of proof shouldn't apply here. Also, burden of proof is usually on the party who stands to benefit and has the relevant facts on the particular issue. We agree that the government has the burden of proof on overall drug quantity, but not on personal use quantity. The government just plainly isn't in the possession of that necessary evidence on that point, and expecting the government to disprove or prove a personal use quantity doesn't make sense as a matter of logic, Your Honor. But it could be looked at a different way. Once personal use is credited, you have the burden of showing how much is not personal use, how much is trafficked. Why isn't that an appropriate way to look at it as your burden? Because in this case, unlike in Williams, we're in the world of conspiracy. Ms. Jones admitted to being involved with a conspiracy. The Williams case itself notes this distinction in Part A when it quotes the Wizz case from the Seventh Circuit, describing the difference of calculating drug quantity in a conspiracy context versus in a distribution or a... So by virtue of the stipulation and the judge's acknowledgment at sentencing that there was a conspiracy, she's not entitled to any personal use deduction. Is that the import of those cases? Yes, that's the government's first argument on this point, Your Honor. Unless there's further questions, Your Honor, the government will rest on its griefs. We'll hear rebuttal. Several points. One, Judge Radley, you are correct. As far as the plain error issue, this is a textual issue, and therefore this court can decide it. It doesn't need prior Second Circuit law. Every circuit except Morgan has found that the guidelines mean what it says, and even Morgan, as has been pointed out, it rejected its reasoning in a later case. That's first of all. Well, I'm not sure it's quite the same thing as to say the text is clear and then to also say the law is clearly established on the point, but I understand your argument. I think that we have both here. I'm not sure. Okay. The fact that the district court may have departed or granted 3553 relief on other grounds and therefore gave Ms. Jones a 45-month sentence doesn't mean that the district court doesn't have to properly calculate the guidelines in the first instance, and that's the issue here. As far as the third and fourth prong of plain error, I would just say that in Powell, the Sixth Circuit held that the issuance of the summons for a felony assault is not an intervening arrest. That doesn't promote respect for the law if the Second Circuit is going to say in the precise scenario that a defendant is not entitled to relief when defendants in the Sixth Circuit would be entitled to relief on this precise ground. As far as just the personal use quantity, the government says there was a conspiracy alleged, not pleaded to, and I would just point out the Ninth Circuit in the United States. In that precise scenario where there was a charge of conspiracy but the defendant pled guilty to distribution, they held that the defendant is entitled to a personal use exception. What about the stipulation that your client entered into in the plea agreement? The stipulation, one, I don't, based on KIPP, I don't think it makes a difference because even when there is a conspiracy, but moreover, I don't know that the stipulation didn't say my client, if she agrees that she's conspiracy, I think those same facts and the same quantity would have applied even if she pled guilty to aiding and abetting a distribution charge. So I don't think the stipulation should be viewed as therefore foreclosing the argument. And one, I don't, the law, Williams never decided the issue of whether personal use is not available in a conspiracy. It wasn't before the Court in that case. It was a, it was a distribution like here. It was a distribution. But isn't it true that other courts and other circuits have followed the Williams logic and said in the context of a conspiracy, and I understand your argument, we don't have enough to make that determination here, but other circuits have followed that, that language. Yeah. There are circuits that have said in the conspiracy context, we're not going to apply it. And finally. But even assuming that we were persuaded by that, the district judge here said that he believed that your client used drugs and that he was going to factor that into his sentencing, into her sentencing, but did not believe that it came to the 60 percent amount. Now, you would have to have shown that it was less than 50 percent or the evidence would have to show it was less than 50 percent to get her into a better offense level. And I'm just not sure how that, how that is satisfied here. The judge, the judge would have given her the equivalent of 50 percent of the drugs she dealt with were personally used and it wouldn't have made any difference. Dr. Adair, I don't know that it's accurate to say that the judge didn't credit. The judge said, listen, she didn't, she didn't think that it amounted to as much as 60 percent. That's quite explicit. This is in the record. I understand the argument about personal consumption, but the math escapes me. It seems to be more of a guesstimate in terms of what should be detracted. For example, it doesn't say her habit per day was X and this is how much she consumed and this is how much her husband consumed and we can detract that. That's at 840, 849. In fact, I'm sorry, husband's consumption would count for nothing. The government has made that argument for the first time in appeal. I'm not sure that that's accurate when we have a husband and wife using it together, but most importantly, going to the district court's point, that was precisely what was in the PSR in a footnote, never objected to by the government and in fact, I think the record makes it clear that she said the same thing in her proffers with the government and they could have questioned her then. They could have tested it, but they didn't. They could have objected it to the PSR. They didn't. So it's very clear that what the district court said, to the extent that it found that it wasn't present in her, it was based on a wrong assumption. It was based on facts that were in fact in the PSR and I think Williams makes very clear that the burden is on the government and they completely failed there. Thank you. Thank you. Thank you both. We'll take the matter under advisement.